UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLON ADAR-BURLA; et al.,

Plaintiffs,

v.

OHIO SECURITY INSURANCE COMPANY,

Defendant.

Case No. 2:25-cv-01074-ART-BNW

ORDER

Plaintiffs Allon Adar-Burla and Catherine Britton negotiated an Offer of Judgment with Real Water in their underlying state court litigation. (ECF No. 6.) Defendant Ohio Security Insurance Company ("Ohio Security") refused to pay that Offer of Judgment, instead informing Plaintiffs that they are entitled to seek recovery of an allocated portion of that judgment on an equitable basis in the interpleader action with all other claimants. (*Id.* at ¶ 35.) Plaintiffs then sued Ohio Security, alleging (1) breach of contract, (2) breach of the duty of good faith and fair dealing, and (3) fraudulent inducement. Ohio Security moves for judgment on the pleadings on all Plaintiffs' claims, and Plaintiffs move for summary judgment on their breach of contract claim. (ECF Nos. 12; 13.) For the reasons stated below, the Court grants Ohio Security's motion for judgment on the pleadings and denies Plaintiffs' partial motion for summary judgment as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following allegations are adapted from the First Amended Complaint ("FAC"). On May 13, 2022, Plaintiffs filed their complaint against Real Water in the Eighth Judicial District Court of Clark County, Nevada, alleging injury from tainted alkaline water bought from Real Water. (ECF No. 6 at ¶ 11 (citing *Adar-Burla, et al. v. Affinity Lifestyles, Inc. d/b/a Real Water, et al.*, No. A-22-852-595 ("Plaintiffs' Underlying Action")).) Though Real Water had filed for bankruptcy, Plaintiffs received leave from the bankruptcy court to file their personal injury

tort action. (*Id.* at ¶ 12.) Plaintiffs' counsel served an Offer of Judgment on Real Water for the global amount of $625,000, but that offer was not accepted, as counsel for Real Water stated that it did not have the funds to pay the offers, or permission from Century Security to accept any Offer of Judgment. (*Id.* at ¶¶ 15–16.) On January 28, 2025, after litigation had progressed, counsel for Real Water indicated that Century Security would not consent to a stipulated judgment, but would accept an Offer of Judgment, if it were served for under $1,000,000.00. (*Id.* at ¶¶ 17–20.) During this conversation, Plaintiffs' counsel expressly stated his clients' need to receive payment of real money and explained that the only reason to extend a new Offer of Judgement was so Plaintiffs could receive payment on the accepted Offer and end litigation. (*Id.* at ¶ 22.) Real Water's counsel stated that "it was his understanding that if the Offer was for under $1,000,000.00, [Century Security] had directed Real Water through counsel to accept the Offer, and it would be paid." (*Id.* at ¶ 23.)

Plaintiffs then served a new Offer of Judgment for $650,000.00 for Adar-Burla and $325,000 for Britton, and Real Water accepted. (*Id.* at ¶¶ 27–28.) In March 2025, Plaintiffs' counsel spoke with Real Water's counsel, inquiring as to whether Century Security would be sending a release for the compromised settlement. (*Id.* at ¶ 29.) Real Water's counsel indicated that Century Security wanted the acceptance reduced to a judgment. (*Id.*) On April 3, 2025, Plaintiffs filed the Offer of Judgment and Acceptance, reducing the Offer to a compromised settlement judgment. (*Id.* at ¶ 31.) On April 1, 2025, the Nevada District Court for Clark County entered judgment on Plaintiffs' filing, against Real Water, for $975,000.00, in accordance with the Offer of Judgment. (*Id.* at ¶ 32.)

Plaintiffs' counsel attempted to contact Century Security regarding funding of the accepted Offer of Judgment, and on May 9, 2025, Century Security's claims administrator responded that it was their intent to have Plaintiffs obtain a "paper judgment" via acceptance of the Offer of Judgment. (*Id.* at ¶¶ 33–35.) Plaintiffs

would then receive a pro-rata distribution predicated on the results of a separate interpleader action filed by Real Water's insurers, according to the claims administrator. (*Id.* at ¶ 35.)

Plaintiffs filed the instant case on June 17, 2025, alleging the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) fraudulent inducement. (ECF No. 1.) Plaintiffs then moved for partial summary judgment on their breach of contract claim (ECF No. 12), and Century Security moved for judgment on the pleadings on all claims. (ECF No. 13.)

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Mag. Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)). Judgment on the pleadings is only proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (citing *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996), *cert. denied*, 519 U.S. 1081 (1997)). The Court should only dismiss the case if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) (citation omitted). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments ... undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks omitted).

## III. DISCUSSION

### A. Breach of Contract

#### 1. Whether a valid contract was formed between Plaintiffs and Century Security

Plaintiffs first allege that Century Security was a party to the settlement agreement because Real Water could not have accepted the settlement offer, except with the consent and direction of Century Security. (ECF No. 6 at ¶¶ 61–76.) Century Security argues that the settlement agreement was only between Plaintiffs and Real Water, therefore, no enforceable contract between Plaintiffs and Century Security was formed. (ECF No. 13 at 7–9.)

A breach of contract claim in Nevada requires (1) formation of a valid contract, (2) performance or excuse of performance by the plaintiff, (3) material breach by the defendant, and (4) damages as a result of the breach. *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

An implied-in-fact contract is a "tacit agreement of the parties" that is "manifested by conduct." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 256 (Nev. 2012). "To find a contract implied-in-fact, the factfinder must conclude that the parties intended to contract and promises were exchanged, the general obligations for which must be sufficiently clear." *Id.*

Here, there was no meeting of the minds between Century Security and Plaintiffs to support an explicit contract or an implied-in-fact contract. Plaintiffs' allegations regarding the circumstances surrounding the settlement offer and acceptance indicate only that Real Water's counsel and Plaintiffs' counsel entered into an agreement. (*See* ECF No. 6 at ¶¶ 15–36; 61–76.) The FAC is devoid of any allegations that Plaintiffs' counsel ever communicated with Century Security about the settlement offer. (*Id.*) Instead, when all conclusory assertions that Real Water's counsel could not have entered into a settlement agreement without Century Security's consent and direction are stripped away, Plaintiffs are left with the bare fact that Real Water's counsel "indicated that Real Water's insurer [] would not consent to a stipulated judgment, but would accept an Offer of Judgment, if it were served for under $1,000,000.00." (*Id.* at ¶ 20.) This allegation, however, is not followed by facts alleging that Century Security, itself, was involved with any offer or acceptance, or exchanging of promises. Instead, Real Water's counsel "stated that it was his understanding that if the Offer was for under $1,000,000.00, [Century Security] had directed Real Water through counsel to accept the Offer, and it would be paid." (*Id.* at ¶ 23.) Accordingly, Plaintiffs fail to sufficiently allege formation of a contract with Century Security, and the Court dismisses their breach of contract claim with leave to amend.

**2. Whether Plaintiffs are third party beneficiaries of the insurance contract between Real Water and Century Security**

Plaintiffs also allege that they are intended third-party beneficiaries of the insurance contract between Century Security and Real Water. (ECF No. 6 at ¶ 65.) Century Security contends that the language of the insurance contract clearly indicates that Plaintiffs are not intended third-party beneficiaries. (ECF No. 13 at 9.)

Generally, only parties who "agree [ ] . . . to submit" to a contract remain bound by its provisions. *See Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 189 P.3d 656, 660 (Nev. 2008). A nonparty who qualifies as "an intended third-party beneficiary," however, is empowered to enforce a contract against a contracting party. *Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 604 (Nev. 2005). A third-party beneficiary is a party whom the contracting parties "clearly" intended "to benefit" when the agreement was formed and foreseeably relies on the agreement. *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824–25 (Nev. 1977); *Wyatt v. Bowers*, 747 P.2d 881, 882–883 (Nev. 1987).

While Plaintiffs recite various provisions of the insurance contract between Century Security and Real Water in their complaint (ECF No. 6 at ¶¶ 43–47), none of these provisions, nor the language of the contract, indicate that Century Security and Real Water intended to benefit Plaintiffs when they entered into the agreement. (*See* ECF No. 1-9.) Indeed, this is factually impossible, as the insurance contract that Plaintiffs attached was entered into before Plaintiffs ever filed a claim against Real Water. (*See* ECF No. 1-9 at 5–6.) Though the insurance contract does state that Century Security will "pay those sums that the insured becomes legally obligated to pay," that general language does not transform Plaintiffs into intended beneficiaries, and instead merely describes the relationship between Real Water and Century Security. (*Id.* at 25.) Because it is clear from the insurance contract that Plaintiffs were not "clearly" intended to be

third-party beneficiaries, the Court dismisses Plaintiffs' third-party beneficiary theory of breach of contract with prejudice.[1]

**B. Breach of the Duty of Good Faith and Fair Dealing**

Plaintiffs' second claim alleges that Century Security breached the covenant of good faith and fair dealing, by inducing Plaintiffs to enter into settlement agreement even though it intended for Plaintiffs to receive only a pro-rata portion of the agreement. (ECF No. 6 at ¶¶ 77–82.) Century Security argues that this claim must be dismissed because there is no valid contract between Century Security and Plaintiffs. (ECF No. 13 at 9.)

In Nevada, every contract implies the covenant of good faith and fair dealing. *Virgin Valley Water District v. Paradise Canyon*, LLC, 567 P.3d 962, 972 (Nev. 2025). A contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes [sic] the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). "To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied." *Arminas Wagner Enterprises, Inc. v. Ohio Sec. Ins. Co.*, 658 F. Supp. 3d 883, 892 (D. Nev. 2023) (citing *Hilton Hotels Corp.*, 808 P.2d at 922).

Here, as explained above, Plaintiffs have failed to allege that Century Security and Plaintiffs are parties to a contract. Accordingly, Plaintiffs cannot state claim for the implied covenant of good faith and fair dealing, and the Court

---

[1] Because Plaintiffs' breach of contract claim is dismissed, the Court denies Plaintiffs' motion for summary judgment on their breach of contract claim (ECF No. 12) as moot.

dismisses this claim without prejudice, and with leave to amend.

**C. Fraudulent Inducement**

Plaintiff next alleges that Century Security, in directing "Real Water and its counsel to request Plaintiffs serve an Offer of Judgment, fraudulently induced Plaintiffs to serve the Offer of Judgment by fostering a belief in the Plaintiffs that the Offer would be accepted and paid." (ECF No. 6 at ¶ 91.) Defendants contend that Plaintiffs' factual allegations fail to state a claim.[2] (ECF No. 13 at 11–13.)

To allege fraud, Federal Rule of Civil Procedure 9(b) requires a party to state "with particularity" the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the complaint must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Cuadros v. State Farm Fire and Cas. Co.*, No. 2:16-CV-2025-JCM-VCF, 2017 WL 2683681, at *4 (D. Nev. June 20, 2017) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

The plaintiff must allege the following elements with particularity: "(1) a false representation made by [the defendant], (2) [the defendant's] knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation), (3) [the defendant's] intention to therewith induce [the plaintiff] to consent to the contract's formation, (4) [the plaintiff's] justifiable reliance upon the misrepresentation, and (5) damage to [the plaintiff] resulting from such reliance." *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*,

[2] Century Security also argues that because the litigation privilege protects conduct occurring during the litigation process, Plaintiffs cannot rely on the alleged litigation actions of Real Water's counsel. (ECF No. 13 at 11–12.) The Supreme Court of Nevada has adopted "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged, rendering *those who made the communications* immune from civil liability." *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 903 (Nev. 2014) (emphasis added) (quotation omitted). Century Security, however, does not explain or cite to any relevant authority establishing that a third party can assert the litigation privilege on behalf of a non-party, so the Court declines to dismiss based on the litigation privilege at the current juncture.

89 P.3d 1009, 1018 (Nev. 2004).

Here, Plaintiffs fail to plead that Century Security made any representations to them, false or otherwise. Instead, Plaintiff alleges, in a conclusory manner, that Century Security directed counsel for Real Water to accept the Offer of Judgment. (ECF No. 6 at ¶¶ 91–108.) These allegations, however, are conclusory and unsupported by facts that make an inference of culpability plausible, as evidenced by the complaint's repeated use of "on information and belief." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) ("[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth.)

Once these conclusory allegations are eliminated, Plaintiffs' allegations merely reveal that counsel for Real Water indicated that Century Security would accept an Offer of Judgment, and that Real Water's counsel believed that such an offer would be paid. (ECF No. 6 at ¶¶ 20, 23.) All of these allegations, however, concern the representations of Real Water, not Century Security. Additionally, while Plaintiff states in a conclusory fashion that counsel for Real Water was "acting as the agent for [Century Security]," there are no factual allegations to support this conclusion. (*Id.* at ¶ 92.) Accordingly, Plaintiffs' fraudulent inducement claim is dismissed without prejudice, and with leave to amend.

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT Century Security's motion for judgment on the pleadings (ECF No. 13) is GRANTED. Plaintiffs' breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement claims are dismissed without prejudice and with leave to amend. Plaintiffs' breach of contract claim, to the extent that it is based on the intended third-party beneficiary theory, is dismissed with prejudice. If Plaintiffs chooses to file a second amended complaint curing the deficiencies of their complaint, as outlined in this order, Plaintiffs shall file the second amended

complaint **within 30 days**.

IT IS FURTHER ORDERED THAT Plaintiffs' motion for partial summary judgment (ECF No. 12) is DENIED as MOOT.

DATED THIS 30th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE